

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 1, 1967

Hon. Alwin E. Pape
County Attorney
Guadalupe County
Seguin, Texas

Opinion No. M-113

Re: Power of Guadalupe-Blanco River
Authority to subdivide and sell
certain lands not necessary to
the business of the district.

Dear Mr. Pape:

You have requested the opinion of this office in regard to the following question:

Whether Guadalupe-Blanco River Authority has the authority to subdivide and sell property in competition to the Estate from which said property was derived, or whether it must first be offered for sale to the Estate from which it is derived?

Guadalupe-Blanco River Authority, hereinafter referred to as GBRA, is a creature of Art. 8280-106 and possesses the rights, privileges, and functions conferred by General Law upon such Districts.

However, going beyond the application of the General Law, the Act specifically authorizes the following powers:

Section 2(e). "to acquire by purchase, lease, gift or in any other manner (otherwise than by condemnation) and _to_ maintain, _use_ and operate _any and all property_ of any kind, real, personal, or mixed, or any interest therein, within or without the boundaries of the District, _necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by this Act._"

". . . "

Section 2(i). ". . . to _construct_, _extend_, _improve_, _maintain_, . . . and 1 use and operate, _any_ and _all facilities_ of any kind _necessary or convenier_ to the exercise of such powers, rights, privileges and functions;"
     (Emphasis added.)

Construing the above provisions, we think the questioned activity of subdi viding and selling of lands not necessary to the business of GBRA is within the power of GBRA as specified by the Legislature. Subsection 2(e) above clearly

authorizes GBRA to acquire and use any land which is either necessary or convenient. Since the land obtained from the Estate in question has proven not to be <u>necessary</u> to the business of GBRA, it authorizes the sale or other disposition of property not <u>necessary</u> to the business of the District.

The statute does not require, however, that the property be sold to the former owner and it may be sold to the former owner or anyone else. The statute, however, likewise does not contemplate that GBRA would be in the real estate business and, in our opinion, does not give the District the authority to install roads, utilities and other improvements not necessary for the general purposes of the District but solely for the purpose of selling surplus lands.

## S U M M A R Y

GBRA property which is not necessary to the business of the District may be sold to one or more purchasers and does not have to be but may be sold to the original owner. The District may not make improvements solely for the purpose of selling surplus land.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Duren
Fred Davis
Alan Minter
Polk Shelton

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.